UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In re Subpoena Issued to:* <br><br> CHARLIE BRUCE OF THE UNITED STATES ATTORNEY'S OFFICE, <br><br> *In the Criminal Matter:* <br><br> UNITED STATES OF AMERICA, <br><br> v. <br><br> JOSHUA ALLEN, | Misc. No. <br><br> *On removal from* <br> *2021 CF1 006416* <br> *(D.C. Super. Ct.)* |

## MOTION TO QUASH SUPERIOR COURT SUBPOENA

The United States Attorney's Office for the District of Columbia ("USAO"), on behalf of

its employee, Charlie Bruce, by and through undersigned counsel, moves this Court to quash the

subpoena that is the subject of this miscellaneous matter.   A copy of the subpoena is attached as

Exhibit A.   As grounds for this motion to quash, the USAO states the following.

### BACKGROUND

This motion to quash concerns a subpoena issued under the authority of the Superior Court

of the District of Columbia on behalf of the criminal defendant in *United States v. Joshua Allen*,

2021 CF1 006416 (D.C. Super. Ct.) to Charlie Bruce of the USAO.   According to the docket in

that criminal proceeding, a Felony I case type, Joshua Allen has been indicted on eight counts,

including premeditated murder while armed, possession of a firearm during a crime of violence,

and assault with intent to kill while armed.   Trial is scheduled for May 18, 2026.

The subpoena issued on behalf of Allen seeks as a defense witness, Charlie Bruce, an

employee of the USAO in the District of Columbia, regarding the preparation of a potential

Government trial exhibit.[1]  *See* Ex. A.   Per the affidavit of defense counsel accompanying the subpoena: "The purpose of the testimony is for authentication of [a] Government Exhibit as an exhibit prepared by the government in its prosecution of this matter."

The subpoena was served on the USAO on or about April 3, 2026.   The return date of the subpoena is May 18, 2026, the date the criminal case is scheduled for trial.    The subpoena matter has been removed to this Court, consistent with *Brown & Williamson Tobacco Corp. v. Williams,* 62 F.3d 408, 412-15 (D.C. Cir. 1995).

## ARGUMENT

The subpoena should be quashed for several reasons.    *First*, as the D.C. Circuit has made clear, "[i]n state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena."   *Houston Bus. Journ., Inc. v. Off. of Comptroller of Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996).    The USAO is a component of the U.S. Department of Justice and part of the U.S. Government.   Accordingly, the subpoena should be quashed because it is not enforceable against the USAO due to the United States' sovereign immunity.    The removal of the subpoena to federal court has no impact on whether it is enforceable. It is well settled that "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government."   *Houston Bus. Journ.*, 86 F.3d at 1212.    In addition, any attempt by the Superior Court to compel a federal entity or its employee to comply with a subpoena would violate the Supremacy Clause.   *See Boron Oil v. Downie,* 873 F.2d 67,

---

[1]      To date, counsel for Allen has been provided with a draft of a potential Government exhibit for trial. The exhibit has not been finalized, nor have the parties yet litigated its admissibility.

71 (4th Cir. 1989); *see also* 28 U.S.C. § 1451 (Superior Court is deemed a "state court" for purposes of removed actions).   Thus, the subpoena should be quashed for this threshold reason.

*Second*, the subpoena, by its terms, requires Bruce to appear at trial on May 18, 2026, and bring the requested trial exhibit and all documentation related to the production of that exhibit with him.   *See* Ex. A.   That is inconsistent with the provisions of D.C. Superior Court Rule of Criminal Procedure ("D.C. Rule") 17, which permits a subpoena by a criminal defendant to compel the production of documents "in court before trial" only if directed by the court.   *See* D.C. Super. Ct. R. Crim. P. 17(c)(1).   The docket for the criminal case does not reflect any such direction with respect to this subpoena.   *See United States v. Beckford*, 964 F. Supp. 1010, 1020-21 (E.D. Va. 1997) (holding that the "may direct" language in Federal Criminal Rule of Procedure ("Federal Rule") 17(c) "confers judicial discretion to determine . . . whether production before trial is permissible at all, and, if so, when").   Because the trial is scheduled for May 18, 2026—the return date of the subpoena and place of compliance—but the Court has not directed that Bruce produce the requested items, the subpoena commanding performance at that date and time is not authorized under D.C. Rule 17(c).

*Third, and finally*, because the subpoena was served on a Department of Justice component and its employee, it implicates the Department's regulations concerning the production or disclosure of material contained in the Department's files in a proceeding in which the United States is a party.   28 C.F.R. §§ 16.21, *et seq.*; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 470 (1951).   Unlike a federal court subpoena, where a state court litigant is dissatisfied with a federal agency's response to a state court subpoena, the "state court litigant's only recourse from a federal agency's refusal to comply with a state court subpoena is to bring

an [Administrative Procedure Act ('APA')] claim—necessarily governed by the APA arbitrary and capricious standard—against the agency in federal court." *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007).  As such, the subpoena cannot be enforced on its own terms, and should be quashed for that reason as well.

Moreover, to the extent the Court construes this proceeding as challenging the USAO's refusal to comply with the state court subpoena as arbitrary and capricious, such a challenge would fail.  The applicable regulations require the government to consider whether disclosure is appropriate under the rules of procedure governing the case in which the demand arose.  28 C.F.R. § 16.26(a).

In addition to the procedural issues described above, discovery in federal criminal cases is governed by federal statute, the applicable rules of criminal procedure, and case law.  *See, e.g.*, 18 U.S.C. § 3500 (the "Jencks Act"); Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 16, 26.2, 46(j); *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963).  Federal prosecutions in D.C. Superior Court are governed by nearly identical rules.  *Compare, e.g.,* Fed. R. Crim. P. 16, *with* D.C. Super. Ct. R. Crim. P. 16.  Accordingly, a subpoena requesting records and documentation is improper where it calls for the production of *Brady,* Jencks, or *Giglio* materials because those materials should be produced pursuant to the rules of criminal discovery. That is, to the extent Allen's subpoena seeks such materials, those materials can be obtained from the government prosecutor pursuant to available mechanisms other than a subpoena duces tecum. *See United States v. Nixon,* 418 U.S. 683, 699 (1974) ("in order to require production prior to trial," a party seeking to compel compliance with a subpoena *duces tecum* must, among other things, show that the records "are not otherwise procurable reasonably in advance of trial by

4

exercise of due diligence" and that "the application is made in good faith and is not intended as a general 'fishing expedition.'"); *United States v. Edwards*, 191 F. Supp. 2d 88, 89 (D.D.C. 2002) (subpoena "was never intended to be a broad discovery device going beyond that which is required either by [Federal] Rule 16 . . . or by *Brady*."). Indeed, courts consistently have rejected attempts at procuring additional or advance discovery in criminal cases, especially from the Department itself, through subpoenas. *See United States v. Indivior Inc.*, Crim. No. 19-0016, 2020 U.S. Dist. LEXIS 22586, at *8 (W.D. Va. Feb. 10, 2020) ("A [Federal] Rule 17(c) subpoena 'cannot substitute for the limited discovery otherwise permitted in criminal cases, and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena.'" (quoting *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010)); *Beckford*, 964 F. Supp. at 1031-32 ("The courts uniformly have rejected attempts at procuring additional or advance discovery through the use of [Federal] Rule 17(c) subpoenas."); *United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (subpoenas are not available to obtain exculpatory information in the possession of the prosecution).

Consequently, to the extent any of the records and information sought by the subpoena are discoverable under D.C. Rule 16, they are not proper subjects of a subpoena. And to the extent that the materials are not subject to rules and requirements governing criminal discovery, they plainly lack significant relevance to the criminal proceeding such that the United States is not acting in an arbitrary or capricious manner in resisting their production especially given its sovereign immunity and the procedural defects with the subpoena.

## CONCLUSION

For the foregoing reasons, the Court should quash the subpoena issued to the USAO.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: */s/ Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

*Attorneys for the United States of America*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22d day of April 2026, I caused to be served a copy of the foregoing by electronic mail to the parties in the underlying Superior Court case:

Sara E. Kopecki
BHT Legal, PLLC
3816 Monte Vista Place
Alexandria, VA 22309
Bhtlegal12@outlook.com

*Counsel for Joshua Allen*

And

Lindsey Merikas
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Lindsy.merikas@usdoj.gov

*Counsel for the United States*

*/s/ Thomas W. Duffey*
THOMAS W. DUFFEY

# EXHIBIT A

In The

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Criminal Division – Felony Section

UNITED STATES OF AMERICA     :

                        : 2021 CF1 006416

v.                    : SH:  4.3.2026

                        : J. Jason Park

JOSHUA ALLEN                :

---

## DEFENDANT'S AFFIDAVIT SUPPORTING SUBPOENA FOR GOVERNMENT EMPLOYEE AS A TESTIFYING WITNESS

Comes now Sara Kopecki, counsel for Joshua Allen, the Defendant in the above-captioned matter, to provide the following statement under penalty of perjury, which statement is provided in accordance with DOJ Regulations 28 CFR 16.23 for purposes of subpoenaing government personnel in a case where the government is a party.

Counsel seeks as a defense witness, Charlie Bruce, an employee of the U.S. Attorney's Office in the District of Columbia, who, as counsel is advised, prepared the government video exhibit entitled "US v Joshua Allen 2021F1006416 Comp (Draft 07102025).mp4," and which is hereafter referred to as "Government Exhibit.

1. Charlie Bruce is needed for trial on May 18, 2026 and each day thereafter until his testimony is completed.

2. The purpose is to authenticate Government Exhibit, as a trial exhibit prepared by him in the course of his employ at the U.S. Attorney's Office in D.C., in connection with the government's prosecution of this case.

3. The testimony may include, for example, the following:

   a. Name. Place of employment. Duties in that employ. How long so employed.

   b. Did there come a time when witness was asked to prepare an exhibit for trial in this matter.

   c. When was that.

   d. What was the nature of the exhibit. Video.

   e. Are you familiar with Government Exhibit. [show beginning of exhibit]

   f. Is that the exhibit you prepared in connection with this case.

   g. Is this a fair and accurate video of Government Exhibit.

   h. What information or data was given to you for purposes of preparing Government Exhibit.

   i. Were you under the supervision of another from the U.S. Attorney's Office, with respect to Government Exhibit.

   j. Were you given instructions or directions regarding what Government Exhibit must show or how it must be shown.

   k. What information were you given to include in Government Exhibit.

   l. When did you complete the Government Exhibit.

   m. After you prepared Government Exhibit, what did you do with it.

The purpose of the testimony is for authentication of Government Exhibit

as an exhibit prepared by the government in its prosecution of this matter.

Sara E. Kopecki            #436304
BHT Legal, PLLC
3816 Monte Vista Place
Alexandria, VA  22309
Bhtlegal2@outlook.com
Attorney for Mr. Allen

Certificate of Service

  A true and correct copy of the foregoing was sent by way of DC File Xpress to Jeanine Pirro, Esq., U.S Attorney for the District of Columbia, and to Assistant U.S. Attorney Lindsay Merikas at Lindsay.Merikas@usdoj.gov on this 2nd day of April, 2026.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION
### SUBPOENA

**UNITED STATES**
**District of Columbia**

Vs.

Joshua Allen _____    Case No. 2021 CF1 006416 _____

To_ Charlie Bruce / U.S. Attorney's Office for the District of Columbia 601 D Street, N.W. – 4.815 Washington D.C. 20530 _____

Charlie Bruce / U.S. Attorney's Office for the District of Columbia 601 D Street, N.W. – 4.815 Washington D.C. 20530 _____

**YOU ARE HEREBY COMMANDED:**

To appear before the Criminal Division room/courtroom 231 _____ of the Superior Court of the District of Columbia, 500 Indiana Avenue/Judiciary Center, 555 Fourth Street, N.W., Washington, D.C. on the 18 th _____ day of

_____ MAY _____ , 20 26 _____ , at 9:30 _____ a.m./p.m. as a witness for

_____

_____

and bring with you  Goverments trial exhibit, which exhibit is named by the goverment as " Charlie Bruce" and all documentaion including communications _____

relating to the production of that exhibit. _____

_____

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _____ day of _____ , 20 _____ .

_____          _____
Officer in Charge                              District

_____
*Clerk, Superior Court*
*Of the District of Columbia*

SARA KOPECKI
Attorney for Government/Defendant
Phone No. 202 550-5096

---

Authorization as required by D.C. Code s 14-307 and *Brown v. U.S.*, 567 A.2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

_____          _____
Date                          Judge

**RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:** _____

I hereby certify that I have personally served, or have executed as shown in **"REMARKS,"** the above subpoena on the individual at the address below.

Name and Title of Individual Served                    Address (If different than shown above)

I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason (s) as shown in **"REMARKS."**

Date(s) of Endeavor                    Date and Time of Service
                                        3:41 pm          4/3/26

**REMARKS**                    Signature of Title of Server

                                                            Investigator